**Barnabas Madison HUNTER, Petitioner,**

v.

**VIRGINIA STATE PAROLE BOARD,**
**Respondent.**

**Civ. A. No. 66-C-82-A.**

United States District Court
W. D. Virginia,
Abingdon Division.

Dec. 23, 1966.

have been exhausted, we must assume that they have not been so exhausted.

The petition is accordingly dismissed without prejudice to the further prosecution thereof upon a verified showing that the petitioner has exhausted his remedies. in the state courts.

No appearance for petitioner.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the Court upon a petitioner for a writ of habeas corpus by Barnabas Madison Hunter, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241; said petition being filed *in forma pauperis*.

Upon a review of said petition and the record accompanying it, it does not appear to this Court that the contentions here presented have been presented through habeas corpus to the state courts. Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963) interprets 28 U.S.C. § 2254 to mean that all available state court remedies must be exhausted before the federal courts will entertain a habeas corpus petition under 28 U.S.C. § 2241. Thus since it does not appear in the record of the instant case and it is nowhere affirmatively alleged in the pleadings that the state remedies